**GALLAGHER EVELIUS & JONES LLP**
ATTORNEYS AT LAW

THOMAS C. DAME
tdame@gejlaw.com
direct dial: 410 347 1331
fax: 410 468 2786

October 22, 2004

**HAND DELIVERED**

Honorable Paul W. Grimm
United States District Court
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    *In Re: Blake R. Van Leer, II, Case No. 99-6-2043-JS*

            *Mercantile-Safe Deposit & Trust Company v. Blake Van Leer, II*
            *Civil No. MJG 02-2119*

            *First Mariner Bank v. Blake R. Van Leer, II, Civil No. MJG 02-2165*

Dear Judge Grimm:

    Pursuant to the Court's instruction, the debtor and the secured parties in the above-referenced bankruptcy case convened a meeting to discuss various issues related to the anticipated proceedings concerning the allowance of the secured claims in the bankruptcy. I write to provide the Court with a status report on our discussions and to request a date and time for a follow-up conference with your Honor in early December.

    Under the Stipulation and Order of November 27, 2002 Regarding Use of Cash Collateral (the "Stipulation and Order"), the parties agreed that the allowance of the secured claims would be resolved either consensually or by your Honor. <u>See</u> Stipulation and Order, § 7. During the course of the hearing on the payment of attorneys' fees to Linowes & Blocher on September 21, 2004, your Honor directed the parties to meet to discuss the logistical issues related to the allowance of the secured claims. The following representatives of the parties participated in a meeting in my office on October 19, 2004: James A. Vidmar, Jr. on behalf of the debtor; Alan M. Grochal on behalf of First Mariner Bank ("First Mariner"); Deborah H. Devan and Thomas M. Wood, IV on behalf of creditors Robert Cheeley and Keith Breedlove; David G. Sommer and me on behalf of Mercantile-Safe Deposit & Trust Company ("Mercantile"). Stephen D. Palmer, a Mercantile officer, also participated. Unfortunately, counsel for Dashco, Inc. ("Dashco"), John B. Connor, could not attend due to a client emergency. The parties discussed processes for resolving each of the secured claims. A summary of our discussions appears below.

**GALLAGHER EVELIUS & JONES LLP**
ATTORNEYS AT LAW

Honorable Paul W. Grimm
October 22, 2004
Page 2

**The First Mariner Claim**

With respect to the claim of First Mariner, Mr. Grochal and Mr. Vidmar agreed that the debtor and his accountant would meet with representatives of First Mariner within the next three weeks, on or before November 9, 2004, to attempt to reach a settlement of the debtor's objection to the First Mariner claim. Based on certain ongoing discussions, Mr. Grochal and Mr. Vidmar are confident that the parties are close to an agreed claim amount. In the event a settlement is not reached, First Mariner and the debtor will be prepared to discuss the issues that must be presented to your Honor for decision.

In the event of a settlement between First Mariner and the debtor, Mercantile's position is that these parties should disclose fully all aspects of the agreement and to the extent First Mariner compromises its debt, the parties should disclose the components compromised. In the event there is no settlement, Mercantile maintains that these parties should employ a process for identifying issues and budgets similar to the one set forth below for the Mercantile claim objection.

**The Mercantile Claim**

With respect to Mercantile's claim, Mr. Vidmar and I agreed that a settlement is not likely at this time. Thus, we agreed upon the following process for identifying the applicable issues for the Court's decision and for proposing a litigation budget:

1. On or before November 5, 2004, the debtor will provide Mercantile with a written summary of all legal and factual issues that the debtor believes should be considered and decided by the Court to resolve the Mercantile claim. The summary shall include citation to relevant authority. Also, the debtor will propose a litigation budget for attorneys' fees, expert fees, and costs (your Honor indicated that the Court would impose a litigation budget on both parties).

2. On or before November 19, 2004, counsel for Mercantile will respond to the debtor's submission with a response to the debtor's identified issues and a summary of any additional legal and factual issues that Mercantile believes should be considered and decided by the Court to resolve the Mercantile claim. Mercantile's submission shall include citation to relevant authority. Mercantile also will propose a litigation budget for attorneys' fees, expert fees, and costs.

# 258857 TCD
004400-0175

**GALLAGHER EVELIUS & JONES LLP**
ATTORNEYS AT LAW

Honorable Paul W. Grimm
October 22, 2004
Page 3

3. On November 30, 2004 at 9:30 a.m. counsel for the debtor and Mercantile will meet for the purpose of attempting to narrow the field of issues to be suggested to the Court for decision and to agree upon a mutual litigation budget.

4. Subject to the Court's availability, Mercantile and the debtor will meet with your Honor in the first week of December for the purpose of establishing a litigation budget and schedule (your Honor anticipated that the schedule would culminate in a contested hearing in March or April of 2005).

**The Dashco Claim**

As noted above, Mr. Connor was unable to attend the October 19, 2004 meeting on behalf of Dashco. Nevertheless, the other participants discussed the Dashco claim. On behalf of creditors Robert Cheeley and Keith Breedlove, Ms. Devan and Mr. Wood expressed a desire to make inquiry about the Dashco claim. On behalf of the debtor, Mr. Vidmar stated that he expected that the debtor's objection to the Dashco claim would be presented to the Court for decision on a schedule similar to the schedule applicable to the Mercantile claim objection. However, Mr. Vidmar stated that he does not wish to exchange proposed issues and litigation budgets with Dashco until December or January after the Court has established the process for the Mercantile claim objection.

**The Cheeley and Breedlove Claims**

Creditors Robert Cheeley and Keith Breedlove did not participate in the appeals of the Bankruptcy Court decisions that led to your Honor's involvement in this case, nor are they parties to the Stipulation and Order. However, Messrs. Cheeley and Breedlove assert junior security interests in the subject collateral. To date, the debtor has not examined these claims to determine whether objections should be posed to the claims. Since there has been no objection by any party in interest to their claims, which were filed on January 4, 2000, there is nothing that needs to be done with respect to those claims. These parties will not ask the Court to take any action on the Cheeley and Breedlove claims.

Counsel to Messrs. Cheeley and Breedlove have submitted a separate letter to you concerning the meeting.

# 258857 TCD
004400-0175

**GALLAGHER EVELIUS & JONES LLP**
ATTORNEYS AT LAW

Honorable Paul W. Grimm
October 22, 2004
Page 4

     In sum, at this time the parties request that the Court: (1) approve the proposed processes set forth above; and (2) schedule a conference during the first week of December, if possible, to establish the litigation schedule and budgets for the allowance of the Mercantile claim and, if not settled, the allowance of the First Mariner claim. We look forward to the Court's response and further instruction.

                                    Sincerely,

                                      /s/

                                  Thomas C. Dame

cc:    James A. Vidmar, Jr., Esquire
        Alan M. Grochal, Esquire
        John B. Connor, Esquire
        Deborah H. Devan, Esquire
        Thomas M. Wood, IV, Esquire
        David G. Sommer, Esquire
        Stephen D. Palmer

# 258857 TCD
004400-0175